IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RODNEY D. PIERCE,

    Plaintiff,

v.                                          Civil Action No. 5:14CV37
                                                      (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Rodney D. Pierce, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The plaintiff's first claims were denied on all administrative levels. In second application, the plaintiff reapplied for DIB and SSI and alleged disability since June 24, 2012, because of dermatomyositis, insomnia, osteoarthritis, and acid reflux.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held at which the plaintiff was represented by counsel. The plaintiff's benefits were again denied.

The plaintiff, represented by counsel, testified on his own behalf, as did a vocational expert. The ALJ issued a decision finding that the plaintiff was not disabled under the Social Security Act but instead found that the plaintiff had a Residual Functional Capacity ("RFC") to perform sedentary work. Further, the ALJ found that the plaintiff's medically determinable impairments were severe, either individually or in combination, which included a mood disorder associated with his dermatomyositis and a generalized anxiety disorder. However, later in his findings, the ALJ found that those mental impairments were not independently severe. Finally, the ALJ found that the plaintiff is capable of performing jobs that exits in significant numbers in the national economy.

Thereafter, the plaintiff appealed to the Appeals Council. The Appeals Council denied the plaintiff's request for review.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United States Magistrate Judge Robert W. Trumble for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. Additionally, the plaintiff filed a reply to the defendant's motion for summary judgment. After consideration of those motions, the magistrate judge entered a report and recommendation recommending that the

2

defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that the ruling of the Commissioner be affirmed. Upon submitting his report, Magistrate Judge Trumble informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The magistrate judge further informed the parties that failure to timely object would result in a waiver of the right to appeal a judgment resulting from the report and recommendation. Neither party filed objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, thus, the plaintiff waived his right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

## III. Discussion

The plaintiff points to a narrow point of error that he believes warrants overturning the ALJ's decision. The plaintiff asserts that the ALJ erroneously determined that the plaintiff's mental impairment was severe and not severe at step two of the

sequential evaluation process. The plaintiff argues that the ALJ's findings are thus contradictory and remand is warranted.

In her motion for summary judgment, the defendant contends that the ALJ did not err in finding that plaintiff's medically determinable mental impairments were not "independently" severe. The defendant argues that the ALJ considered the plaintiff's mental impairments and in finding at least one severe impairment, the ALJ then proceeded to the next step of the process to find that no material deficiency existed at that step. In his reply, the plaintiff reiterates his arguments from his motion for summary judgment.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). Magistrate Judge Trumble issued a report and recommendation, in which he held that substantial evidence exists to support the ALJ's conclusions.

4

The Social Security Administration uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2011). In this case, the plaintiff's allegation of error is based on step two and step three which state:

> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

The magistrate judge reviewed the ALJ's discussion by addressing the plaintiff's assignment of error based on the two steps addressed above. The magistrate judge first found that the ALJ's finding that the plaintiff's mental impairments were severe in one sentence of his opinion was harmless error as his findings that the plaintiff's mental impairments were not severe was supported by a more detailed discussion supported by ample evidence. The magistrate judge made this finding based on the ALJ's consideration of (1) the plaintiff's consultative psychological evaluation which included diagnoses for mood and anxiety-related disorders and the psychologist's finding; (2) the independent affect that the disorders had on the plaintiff and the

5

limitations that caused; (3) the prior ALJ's opinion from the plaintiff's original application for benefits; and (4) the 2013 assessments of state agency psychological consultants who had both found the plaintiff's mental impairments to be not severe. Thus, the magistrate judge found that the ALJ's finding at step two of the sequential process that the plaintiff's mental impairments were "mild" was supported by substantial evidence.

Next, the magistrate judge found that the ALJ did not err in not specifically mentioning a mental impairment listing at step three of the sequential process. The magistrate judge found that because the ALJ concluded at step two that the plaintiff's mental impairments were "mild," he was not required to determine whether the impairment met or equaled a listed mental disorder at step three. Further, the magistrate judge found that the plaintiff has failed to carry his burden of showing that his mental impairments met or equaled one of the listed mental disorders. As such, the magistrate judge found that substantial evidence supported the ALJ's finding at step three.

The plaintiff did not file objections to the magistrate judge's report and recommendation.

This Court has reviewed the record, as well as the parties' motions for summary judgment and the plaintiff's reply, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the

plaintiff's application for Disability Insurance Benefits and Supplemental Security Income is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. The decision of the Commissioner is hereby AFFIRMED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is directed to enter judgment on this matter.

IT IS SO ORDERED.

DATED:    January 9, 2015


                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE